IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DIEDRA C. WEBB, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>KROGER LIMITED PARTNERSHIP I, )<br>*a/k/a* THE KROGER COMPANY, )<br>    Defendant. ) | Civil Action No. 7:16-cv-00036 |

## COMPLAINT

Diedra C. Webb ("Webb"), by counsel, moves for judgment against Kroger Limited Partnership I, *a/k/a* The Kroger Company ("Kroger") and in support of this motion states the following:

## INTRODUCTION

1. This is an action for discrimination on account of sex, sexual harassment, retaliation for complaining about discrimination on account of sex and sexual harassment that occurred at Kroger.

## JURISDICTION

2. This action presents issues arising under federal law, and therefore this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, and more particularly pursuant to 42 U.S.C. § 2000e, *et seq.* for the claims of sexual harassment and retaliation, and the claims of equal pay violations and retaliation.

3. This Court has personal jurisdiction over Defendant because it regularly does business in Montgomery County, Virginia, which is located in this judicial district.

4. This Court has personal jurisdiction over Plaintiff because she was employed by Kroger within this judicial district at all times relevant to this lawsuit.

5. Venue is proper in the Roanoke Division of the Western District of Virginia because all actions giving rise to this suit occurred in this judicial district, and pursuant to 28 U.S.C. § 1391(c)(2) because Kroger maintains a place of business within this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

6. Mrs. Webb filed a Charge of Discrimination alleging discrimination on account of sex, sexual harassment, and retaliation for complaints alleging discrimination on account of sex and sexual harassment, within 300 days of Kroger's discrimination on account of sex, within 300 days of Kroger's last act of sexual harassment, and within 300 days of Kroger's last act of retaliation.

7. The Equal Employment Opportunity Commission ("EEOC") issued to Mrs. Webb a Dismissal and Notice of Rights letter dated November 5, 2015.

8. Mrs. Webb hereby files this Complaint within 90 days of her receipt of the Dismissal and Notice of Rights letter.

**FACTS**

1. Plaintiff hereby adopts and incorporates, as if fully set forth herein, the preceding paragraphs herein.

2. Kroger owns and operates several grocery stores within the Western District of Virginia.

3. Kroger employs at least 15 persons and more than 300 persons, and pays wages or salary for work performed.

4. Diedra Webb worked for Kroger for many years with her last work location and all acts associated with this complaint occurring at a Kroger grocery store located in Montgomery County, Virginia.

5. Kroger terminated Mrs. Webb's employment on or about September 3, 2014.

**Discrimination on Account of Sex, Sexual Harassment and Retaliation**

6. Plaintiff hereby adopts and incorporates, as if fully set forth herein, the preceding paragraphs herein.

7. Mrs. Webb was the Assistant Store Manager (*i.e.,* second in command under the Store Manager) at the Kroger store location in Christiansburg, Virginia.

8. She was the highest ranking female employee in a management position at this Kroger store location.

9. During her employment with Kroger, the store manager, Richard Almond, Mrs. Webb's immediate supervisor, engaged in discriminatory behavior towards Mrs. Webb due to her gender, and sexually harassed her.

10. Almond had the authority to hire, fire, discipline, control and otherwise affect Mrs. Webb's terms of employment.

11. Upon information and belief, Almond sexually harassed other female employees, during the time he was sexually harassing Mrs. Webb.

12. Some examples of Mr. Almond's sexual harassment of Mrs. Webb include:

   a. Stating in front of Webb and other females in supervisory positions that he does "not like women in authority."

b. Stating that the only reason Kroger is hiring women is to be diversified.

c. Instructing her to have a "motherly talk" with female employees.

d. Statements to her subordinate employees that "you know how Ms. Webb is" and "time to get out the confetti and balloons out Ms. Webb is on vacation."

e. Advising her that she needed to obtain prescription medication because her personality and demeanor were not feminine enough.

f. On days when Mrs. Webb went into work without wearing make up, Almond would tell her she "really needed to put on make up" and then tell other employees that "Ms. Webb is somewhere putting on make up because he had told her to."

g. Making demeaning statements regarding women in general in front of Webb and other female employees, such as "you know how women are," that "women are emotional," and they "use their womanly ways to get what they want."

h. Repeatedly telling female employees including Mrs. Webb, that they needed to lose weight.

i. Refusing to take corrective action against a male employee who made sexually disparaging remarks toward Mrs. Webb, despite the employee explicitly stating that he defied her directives because she was female and would not have acted toward a male manager in the same manner.

j. Undermining her managerial authority by:

i. Reversing her decision to implement a new schedule in the deli (which complied with a newly announced company wide scheduling policy);

   ii. Reversing her plan to change shift scheduling in the meat department (which complied with a newly announced company wide scheduling policy);

   iii. Reversing corrective action taken by her towards an associate for using a cell phone while on duty;

   iv. Reversing her direction to a male employee to take down his "girly" calendar which displayed scantily clad women, but refusing to allow female employees to display similar calendars of men.

   v. Telling other subordinate employees they did not have to follow Webb's coaching of them; and

   vi. Referring to Webb as a "Kronos Nazi" due to her efforts to control overtime (Kronos is the name of Kroger's time keeping system) and instructing employees to not heed her instructions about controlling overtime.

k. Placing Mrs. Webb on a performance improvement plan that was impossible to meet and under such conditions as no similarly-situated male manger had ever been placed.

l. After her termination, Kroger replaced Mrs. Webb's replacement with a male.

13. Mrs. Webb has observed and/or heard Almond engage in sexually harassing actions towards other females employees at Kroger and/or discuss his engagement in such actions:

   a. Smacking a female employee on the buttocks;

   b. Discussing "how good" certain female employees looked;

   c. Hugging younger and attractive female employees;

   d. Excluding a female department head from department head meetings;

   e. Commenting to a female employee rendering medical assistance to a her boyfriend that, "it's good to see you on your knees in front of your man where you ought to be."

   f. Commenting in Mrs. Webb presence that he likes to watch female Virginia Tech students and track team members run by in their workout clothes.

14. On many of these occasions Mrs. Webb objected to Almond regarding his behavior and/or comments toward her and/or other female employees: Almond was aware that Mrs. Webb did not approve of his discriminatory and sexually harassing behavior and actions.

15. The pervasive nature of Almond's behavior continued for the duration of Mrs. Webb's assignment at the Kroger's store in Christiansburg, ultimately altering the terms of her employment terms: Webb was forced to endure Almond's sexually harassing conduct as a condition of her employment.

16. Mrs. Webb reported and complained about Almond's behavior and treatment of her to Kroger's Human Resources Coordinator, Eric Williams, on at least three occasions.

17. Despite Webb's complaints, Kroger did nothing to alter Almond's sexually harassing and discriminatory actions.

18. Instead of rejecting Almond's discriminatory and sexually harassing behavior and comments, Kroger approved Almond's recommended discipline against Mrs. Webb by imposing an impossible to satisfy performance improvement plan.

19. In fact, shortly after being placed on the plan, the Kroger District Manager told Mrs. Webb, that she had "trip wires all around" her and that she would "never make it" at Kroger.

20. The alleged behavior of which Mrs. Webb was accused of by Almond was either behavior she did not commit, behavior that was not a violation of company policy, and/or behavior that it if committed by a male co-manager would not have subjected him to discipline or a performance improvement plan.

21. Additionally, Kroger prohibited her from receiving a pay raise, from applying and/or actually transfer from her position to another store location, and from seeking and obtaining a promotion.

22. Similarly situated males at Kroger were not treated in this manner.

23. Almond's disciplinary actions were in retaliation against Mrs. Webb for her prior complaints about his discriminatory and sexually harassing behavior, and Kroger did nothing to abate Almond's harassing conduct or otherwise address Mrs. Webb's reports of sexual harassment.

24.     Ultimately, Kroger terminated Webb's employment with Kroger, in retaliation for her complaining about sexual harassment and discrimination on account of sex: Webb's termination was not justified.

## COUNT I
## SEXUAL HARASSMENT

25.     Plaintiff hereby adopts and incorporates, as if fully set forth herein, the preceding paragraphs herein.

26.     Almond's treatment of Mrs. Webb constitutes sexual harassment.

27.     Almond subjected Mrs. Webb to sexual harassment.

28.     Almond's sexual harassment of Mrs. Webb was based upon her sex.

29.     Mrs. Webb objected to Almond's sexual harassment.

30.     Almond's sexual harassment alleged herein was severe and pervasive, such that a reasonable person would find Mrs. Webb's work environment to be hostile or abusive.

31.     Almond's sexually harassment of Mrs. Webb made Webb's work environment hostile and abusive.

32.     Soon after Mrs. Webb complained about the sexual harassment, she was disciplined by Almond to include termination of her employment with Kroger.

33.     Almond was Mrs. Webb's supervisor with authority to affect her employment and, therefore his conduct is imputed to Kroger and Kroger is liable for Almond's actions.

34.     As a result of Kroger's sexual harassment Mrs. Webb has suffered lost wages, pain and suffering, humiliation, loss of benefits, and other compensatory damages for which she hereby demands to be compensated in this matter.

35. Kroger's actions as alleged herein were done intentionally and with reckless disregard for the law and for the impact such actions would have on Mrs. Webb, and Kroger's actions continued after she complained about the sexual harassment. Therefore, an award of punitive damages is appropriate and hereby demanded.

## COUNT II
## DISCRIMINATION ON ACCOUNT OF SEX

36. Plaintiff hereby adopts and incorporates, as if fully set forth herein, the preceding paragraphs herein.

37. Almond's sexual harassment of and other actions toward Mrs. Webb were based upon her sex.

38. Almond was Mrs. Webb's supervisor and, therefore, his conduct is imputed to Kroger and Kroger is liable to Almond's actions.

39. Accordingly, Kroger treated Mrs. Webb differently because of her sex.

40. Mrs. Webb was qualified for her position, and meeting Kroger's reasonable expectations in her employment.

41. Mrs. Webb's sex was a motivating factor in Kroger's decision to terminate her.

42. After terminating Mrs. Webb, Kroger replaced her with a male.

43. As a result of Kroger's discrimination Mrs. Webb has suffered lost wages, pain and suffering, loss of benefits, and other compensatory damages for which she hereby demands to be compensated in this matter.

44. Kroger's actions as alleged herein were done intentionally and with reckless disregard for the law and for the impact such actions would have on Mrs. Webb. Therefore, an award of punitive damages is appropriate and hereby demanded.

## COUNT III
## RETALIATION FOR COMPLAINING ABOUT SEXUAL HARASSMENT

45. Plaintiff hereby adopts and incorporates, as if fully set forth herein, the preceding paragraphs herein.

46. Mrs. Webb complained to Kroger about Almond's sexual harassment and/or discrimination on account of sex, *i.e.,* she opposed his unlawful employment practices.

47. Mrs. Webb reasonably believed that the actions about which she complained constituted sexual harassment and/or discrimination on account of sex.

48. After she complained, Kroger disciplined Mrs. Webb and eventually terminated her employment.

49. Kroger terminated Plaintiff because she complained about sexual harassment and/or discrimination on account of sex.

50. Kroger's termination of Mrs. Webb could easily persuade a reasonable person in the same or similar circumstances not to complain about harassment and/or discrimination.

51. As a result of Kroger's discrimination Mrs. Webb has suffered lost wages, pain and suffering, loss of benefits, and other compensatory damages for which she hereby demands to be compensated in this matter.

52. Kroger's actions as alleged herein were done intentionally and with reckless disregard for the law and for the impact such actions would have on Mrs. Webb. Therefore, an award of punitive damages is appropriate and hereby demanded.

**DEMAND FOR JURY TRIAL**

53. Plaintiff hereby demands trial by jury.

RESPECTFULLY SUBMITTED,
DIEDRA WEBB

*s/ Melvin E. Williams*
Of counsel

Melvin E. Williams (VSB No. 43305)
MEL WILLIAMS PLC
1320 Third Street, SW
Roanoke, Virginia 24016
540-266-7800
540-206-3857 *facsimile*
*mel@melwilliamslaw.com*
   Counsel for Diedra Webb