IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **DIEDRA C. WEBB,** | ) | |
|         Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Case No. 7:16 cv 00036** |
| | ) | |
| **KROGER LIMITED PARTNERSHIP I,** | ) | Hon. Michael F. Urbanski |
|         Defendant. | ) | |

## REPORT OF PARTIES' PLANNING CONFERENCE

**1)** **Rule 26(f) Conference.** Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on April 8, 2016, and was attended by Melvin E. Williams, counsel for Plaintiff, and Christopher S. Griesmeyer, counsel for Defendant. The conference was conducted by telephone.

**2)** **Case Summary.** The parties jointly submit the following case summary:

    **(A) The general nature of the case:** This is an employment discrimination case arising under Title VII, 42 U.S.C. § 2000e *et seq*.

    **(B) The statute(s) asserted to confer subject matter jurisdiction:** 28 U.S.C. § 1331.

    **(C) The plaintiff's legal theories:** In her three-count complaint, Plaintiff alleges that during the course of her employment at Defendant's store located in Montgomery County, Virginia, she was sexually harassed (Count I), discriminated against on account of her sex (Count II), and retaliated against for complaining about discrimination on account of sex (Count III).

    **(D) The primary defenses pleaded by defendant:** Defendant denies the allegations asserted in the Complaint, and denies any wrongdoing or liability on its part. Defendant has also asserted as affirmative defenses, *inter alia*: (i) the alleged termination did not constitute an act of employment discrimination as a matter of law; (ii) Plaintiff is not entitled to recover back-pay, front-pay, or any other compensatory or other damages because she was rightfully terminated for violating Defendant's legitimate policy or policies; (iii) Plaintiff failed to exhaust the administrative remedies available to her at the time of the complained-of conduct; (iv) Plaintiff's claims are procedurally defective and time-barred by the applicable statute(s) of limitation; (v) Plaintiff unreasonably failed to take advantage of the reasonable accommodation and alternate opportunities offered by Defendant; (vi) Plaintiff is not entitled to damages because Defendant at no time engaged in any willful or intentional discriminatory conduct, and at no time engaged in any discriminatory practice or conduct with malice or reckless indifference to Plaintiff's rights; (vii) Plaintiff has failed to mitigate her damages; (viii) in the event Plaintiff prevails on her claim, then her damages are limited by all relevant and applicable statutory caps; (ix) Plaintiff's claims

1

are barred, in whole or in part, by the principles of waiver and/or estoppel; and (x) Plaintiff's complaint generally fails to state a claim upon which relief may be granted.

3) **Potential for Alternative Dispute Resolution.** The parties have generally discussed the potential for a negotiated resolution, and are willing to continue settlement discussions. Plaintiff has agreed to provide a good-faith settlement demand, to which Defendant shall provide a good-faith response.

4) **Plan for Pre-Discovery Disclosures.** The parties will exchange the information required by Fed. R. Civ. P. 26(a)(1) by May 2, 2016.

5) **Plan for Discovery.** The parties jointly propose to the Court the following modifications to the Scheduling Order (Dkt. No. 11):

   A. Deadline for Plaintiff's Initial Expert Disclosure: **September 1, 2016**

   B. Deadline for Defendant's Initial Expert Disclosure: **October 15, 2016**

   C. Deadline for any Rebuttal Expert Disclosures: **November 15, 2016**

   D. Deadline to Complete Discovery: **November 28, 2016**

6) **Additional Issues.**

   A. Depending upon the information requested by Plaintiff during discovery, Defendant may require an appropriate Protective Order (e.g., to protect the personal information of other employees, such as their social security numbers and compensation, or to protect confidential, proprietary and trade secret information).

   B. Disclosure or discovery of electronically stored information (ESI) will be handled as follows: The parties agree that all information produced by either party shall initially be produced in pdf. format. In the event either party wishes to discover ESI associated with a pdf. document, the party will notify the other party in writing and identify the specific document(s) – e.g., by Bates-number(s). The party requesting ESI will also identify the nature of the ESI it is seeking and the format and media in which she/it would like the ESI produced. The parties will then confer in good faith regarding the availability of the requested ESI and any expenses associated with the production of that information. If a requesting party believes there is ESI that is relevant and which has not been produced, the parties will confer in good faith regarding the existence of such information and the expenses associated with confirming the existence or non-existence of such information.

   C. With regard to claims of privilege or of protection as trial-preparation material asserted after production, the parties have agreed to an order containing "clawback" language as follows:

- Due to the volume of electronic and hard copy data in the possession, custody, or control of the parties and concerns regarding attorney-client privilege and work product protection, the Court enters this "Clawback" Provision to expedite and facilitate the production of electronic and hard copy data, information and documents, and to protect against the inadvertent disclosure of attorney-client privileged communications or work product materials.

- The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including but not limited to information or documents that may be considered or contain Confidential Information under any Protective Order entered in this case, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege-holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.

- Any party receiving any such information or document shall return it upon request from the producing party. Upon receiving such a request as to specific information or documents, the receiving party shall return the information or documents to the producing party within five (5) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation shall not be deemed a violation of the provisions of this Order.

- This Order and Clawback Provision shall be governed by Federal Rule of Evidence 502(d) and is entered pursuant to Federal Rule of Civil Procedure 26(c)(1).

D. To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the following procedures have been agreed to in this case:

- Documents will be produced on a rolling basis;

- The Parties agree to electronic service;

- The Parties will endeavor to use the same court reporter for depositions;

- Exhibits used during depositions will be numbered sequentially, and carry forward to subsequent depositions; and

- Neither side will be entitled to discovery of communications with counsel.

E. There will be a maximum of 40 interrogatories, including all discrete subparts, served by any party on another party.

3

F.  There will be a maximum of 40 requests for admissions, including all discrete subparts, served by any party on another party. (This numerical limit does not apply to requests to admit the genuineness of any described document).

G.  There will be a maximum of 10 depositions taken by Plaintiff and 10 by Defendant, absent agreement of the parties.

H.  The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are not appropriate in this case.

I.  Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served 60 days before the deadline for completion of all discovery.

J.  The parties consent to electronic service of disclosures and discovery requests and responses, as permitted by Fed. R. Civ. P. 5(b).

Dated: April 22, 2016

| | |
|---|---|
| DIEDRA C. WEBB, Plaintiff | KROGER LIMITED PARTNERSHIP I, Defendant |
| /s/ *Melvin E. Williams* | /s/ *Christopher S. Griesmeyer* |
| By: One of Her Attorneys | By: One of Its Attorneys |
| Melvin E. Williams, VSB # 43305 | C. Connor Crook, VSB # 71599 |
| MEL WILLIAMS PLC | THE LAW OFFICE OF C. CONNOR CROOK |
| 1320 Third Street, SW | P.O. Box 1680 |
| Roanoke, VA 24016 | Charlottesville, VA 22902 |
| Bus: (540) 266-7800 | connor@connorcrooklaw.com |
| Fax: (540) 206-3857 | |
| mel@melwilliamslaw.com | *and* |
| | Christopher S. Griesmeyer (Pro Hac Vice) |
| | Michelle A. Shield (Pro Hac Vice) |
| | GREIMAN, ROME & GRIESMEYER, LLC |
| | 2 N. LaSalle Street, Suite 1601 |
| | Chicago, Illinois 60602 |
| | Bus: (312) 428-2750 |
| | Fax: (312) 332-2781 |
| | cgriesmeyer@grglegal.com |
| | mshield@grglegal.com |

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2016, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF System which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them:

/s/ *Christopher S. Griesmeyer* _
Christopher S. Griesmeyer *(Pro Hac Vice)*
GREIMAN, ROME & GRIESMEYER, LLC
Two North LaSalle, Suite 1601
Chicago, Illinois 60602
Bus: (312) 428-2750
Fax: (312) 332-2781
cgriesmeyer@grglegal.com