CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 19 2017

JULIA C. DUDLEY, CLERK
BY: /s/
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

DIEDRA C. WEBB,  )
                 )
    Plaintiff,   )
                 )   Civil Action No. 7:16-cv-00036
v.               )
                 )
KROGER LIMITED   )
PARTNERSHIP I, a/k/a THE )
KROGER COMPANY,  )   By:  Michael F. Urbanski
                 )        United States District Judge
    Defendant.   )
                 )

## MEMORANDUM OPINION

Following entry of the court's February 14, 2017 Memorandum Opinion granting summary judgment in favor of defendant Kroger Limited Partnership I a/k/a The Kroger Company, Kroger filed a bill of costs in the amount of $12,658.20. ECF No. 78. Plaintiff Diedra Webb filed a memorandum in opposition, arguing Kroger seeks fees that are not recoverable under 28 U.S.C. § 1920. ECF No. 80. Kroger replied. ECF No. 81. The parties did not request oral argument, and this matter is ripe for adjudication. For the reasons that follow, the court will sustain Webb's objections in part and **AWARD** Kroger costs in the amount of $5,396.56.

I.

Rule 54 of the Federal Rules of Civil Procedure permits a prevailing party to recover costs other than attorney's fees "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). This rule "creates a presumption that costs are to be awarded to the prevailing party." Cherry v. Champion Int'l Corp., 186 F.3d 442, 446

1

(4th Cir. 1999) (citations omitted). It is therefore "incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." Ellis v. Grant Thornton LLP, 434 F. App'x 232, 235 (4th Cir. 2011) (citing Teague v. Bakker, 35 F.3d 978, 996 (4th Cir. 1994)). "Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." Cherry, 186 F.3d at 446.

The court may only tax costs authorized by statute. Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 442, 445 (1987); Francisco v. Verizon Smith, Inc., 272 F.R.D. 436 (E.D. Va. 2011). Congress has specified six categories of costs that may properly be taxed:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In this case, Webb argues that Kroger's bill of costs exceeds the scope of costs allowable under § 1920. Specifically, Webb contends that Kroger seeks taxation of costs for private process servers, witness fees for a trial that never occurred, costs for expediting transcripts unnecessarily, witness fees associated with subpoenas duces tecum issued to witnesses who did not testify, and costs for copies that were not attributable to court

2

submissions or production of documents to opposing counsel. The court will address each of Webb's arguments in turn.

## II.

### A.

First, Webb objects to Kroger's claimed fees for private process servers, which are not among the enumerated costs set forth in § 1920. Fees of the clerk and marshal are expressly provided for under § 1920, but the plain language of the statute makes no mention of private process servers. "While there is a split in the courts as to whether fees for private process servers fall under that provision, a clear majority of circuit courts recognize private process server fees are also taxable against the non-prevailing party." Schwarz & Schwarz of Virginia, LLC v. Certain Underwriters at Lloyd's, No. 6:07-CV-00042, 2010 WL 452743, at *3 (W.D. Va. Feb. 8, 2010). The Fourth Circuit has yet to weigh in on this issue. However, the recent trend in this district has been to apply § 1920 as written and find costs for service by a private process server are not recoverable under the statute. See, e.g., Selective Way Ins. Co. v. Roseanne Browning Apple, No. 3:13-CV-00042, 2017 WL 111439 (W.D. Va. Jan. 11, 2017); Bellofatto v. Red Robin Int'l, Inc., No. 7:14cv00167, 2015 WL 3661043, at *2 (W.D. Va. June 12, 2015); Walker v. Mod-U-Kraf Homes, LLC, No. 7:12cv00470, 2014 WL 2450118, at *3 (W.D. Va. May 30, 2014); Whalen v. Rutherford, No. 3:12cv00032, 2013 WL 5591933, at *1 (W.D. Va. Oct. 10, 2013); Mayse v. Mathyas, No. 5:09cv00100, 2010 WL 3783703, at *4 (W.D. Va. Sept. 28, 2010); see also Francisco v. Verizon South, Inc., 272 F.R.D. 436, 442 (E.D. Va. 2011). The court will follow suit in this case.

3

Although "'there is no obvious policy reason why private process service fees should not be recoverable,'" it is clear that "'when Congress meant to set a limit on fees, it knew how to do so.'" Mayse, 2010 WL 3783703, at *4 (quoting D&B Countryside, LLC v. Newell, 217 B.R. 72, 78 n.7 (Bankr. E.D. Va. 1998) and Crawford Fitting, 482 U.S. at 442). "[I]f the statute is to be changed, Congress must be the one to do so." Mayse, 2010 WL 3783703, at *4. Until then, the court will "join[ ] the trend within the Western District of Virginia," in hopes of providing "consistency and predictability, which allows individuals and entities within this district to plan accordingly." Selective Way, 2017 WL 111439, at *1. As such, the court will reduce the costs claimed by Kroger by $483.60[1] attributable to private process server fees.

**B.**

Webb also objects to the $300.20 in witness and mileage fees claimed by Kroger for trial subpoenas served on John Webb, Ashley Griffith, Jennifer Seagle and Richard Almond, as the court's ruling on summary judgment, handed down a few days after the subpoenas were issued, obviated the need for a trial. Kroger contends that the trial subpoenas were nevertheless necessary.

Witness and mileage fees are set by statute. Section 1821 of title 28 provides for fees for "a witness in attendance at any court of the United States . . . . A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of

---

[1] It is unclear to the court how Kroger calculated the breakdown of fees for service of subpoenas listed in the Affidavit of Christopher S. Griesmeyer, ECF No. 79, at 2, given the invoices from Virginia Court Services attached thereto as Exhibit A, ECF No. 79-1, at 39-40. Nevertheless, as Kroger claims a total of $483.60 in fees related to service of subpoenas and those fees claimed do not fall within the ambit of § 1920, the court will exclude the entire $483.60 from its cost calculation.

4

attendance at the beginning and end of such attendance or at any time during such attendance." 28 U.S.C. §§ 1821(a)(1), (b). In this case, however, there was no trial, and thus no attendance at trial. Cf. Wright, Miller, et al., 10 Fed. Prac. & Proc. Civ. § 2678 (3d ed. 2017) ("Ordinarily, no fee may be taxed for someone who comes to the courthouse but does not testify at the trial, the presumption being that the person was not a necessary witness."). Under these circumstances, the court declines to exercise its discretion to award witness fees and mileage for a trial that did not occur. As such, the court will reduce the costs claimed by Kroger by $300.20.

## C.

Next, Webb objects to the $3,438.76 in costs incurred for expedited transcripts, arguing Kroger has failed to show necessity. See Delapp v. Shearer's Foods, Inc., No. 1:15cv00020, 2016 WL 1718395, at *2 (W.D. Va. Apr. 29, 2016) ("'[C]osts for expedited production are allowable when the recovering party can show necessity for the expedited service.'" (citation omitted)). Webb argues that of the eleven deposition transcripts ordered on an expedited basis, eight were ordered well in advance of the discovery deadline, and transcripts for the remaining three depositions, which were taken on the final day of discovery, were ordered well in advance of the deadline to file dispositive motions. Kroger, on the other hand, insists that it was forced to order the transcripts on an expedited basis in order to meet the December 14, 2016 dispositive motions deadline. The depositions at issue were taken on November 9, 10, 11, 14 and 28th. Kroger contends that if it had ordered transcripts on a routine basis, they would have arrived, at the earliest, two weeks after each

5

deposition, and there is "no conceivable way" Kroger's counsel could have met the dispositive motions deadline without expediting them.

As far as the court is concerned, this case was not subject to a compressed discovery schedule.[2] See Delapp, 2016 WL 1718395, at *3; cf. McAirlaids, Inc. v. Kimberly-Clark Corp., No. 7:12cv00578, 2014 WL 495748, at *10 (W.D. Va. Feb. 6, 2014) (finding expedited transcript costs reasonable given the "condensed pre-trial schedule [set by the court] and looming deadlines"). The court simply sees no reason why the first eight deposition transcripts, which were ordered well in advance of the dispositive motion deadline, required rush delivery. Even transcripts of the last three depositions, which were taken on November 28, 2016, the final day of discovery, were ordered more than two weeks before the dispositive motion deadline and, as Webb notes, were not terribly voluminous. While Kroger claims the scheduling of these last three depositions was prompted by an eleventh-hour production of affidavits by Webb, the names of these three witnesses—Ashley Griffith, Jennifer Seagle, and Esther Richardson—were disclosed by Webb back in May 2016 as individuals with discoverable information. See ECF No. 29-15, at 46-52. Given the circumstances, the court finds Kroger has not shown the requisite necessity of the expedited

---

[2] The court issued a pretrial scheduling order setting standard deadlines for completion of discovery and the filing of dispositive motions. Kroger argues that the deposition schedule was compressed because Webb failed to timely respond to Kroger's written discovery requests, citing ECF No. 23 at page 4. The court notes that ECF No. 23 does not contain a fourth page. In any event, there is no indication from the docket that Kroger was forced to file a motion to compel or otherwise move for an extension of the discovery deadline due to any delayed production by Webb. Indeed, Kroger states at ECF No. 24 at 4 that Webb responded to Kroger's Rule 34 requests on September 10, 2016, well in advance of the depositions scheduled to begin November 9th. While Kroger eventually moved to strike affidavits it claims were produced by Webb at the eleventh hour, forcing the scheduling of three additional depositions on November 28, 2016, the day before the discovery deadline, Kroger offers no explanation for why it claims the first eight depositions were taken on a "compressed" schedule—or why these depositions were scheduled to begin two months after Webb's Rule 34 responses. In any event, all eleven depositions were taken before the discovery deadline lapsed.

preparation of these transcripts and accordingly will exercise is discretion by reducing

Kroger's claimed transcript costs by $3,438.76.[3]

## D.

Kroger claims as witness fees $143.05 for subpoenas duces tecum issued to Carilion Clinic and Blue Ridge Therapy for production of medical records. This sum consists of $40 in statutory witness fees for both Carilion and Blue Ridge Therapy, and $63.05 in medical record copy charges for the Carilion records. Webb objects to these costs on two grounds, arguing 1) the subpoenas were not issued in conjunction with a scheduled deposition of the witness receiving the subpoena, citing Arthur v. Pet Dairy, No. 6:11-CV-00042, 2013 WL 6228732 (W.D. Va. Dec. 2, 2013), and 2) the medical records were not relevant to the issues raised on summary judgment. Kroger responds by addressing only the relevancy argument, insisting it is disingenuous for Webb argue irrelevance when she identified her doctors in her Rule 26(a) disclosures and attached more than 175 pages of the subpoenaed medical records to her response in opposition to summary judgment.

As the court stated in Arthur, "'[t]he few courts to address the recoverability of fees for subpoenas duces tecum have concluded that such costs are recoverable when issued in conjunction with the scheduled deposition of the witness receiving the subpoena,' but otherwise 'there is no basis for taxing [such costs under] . . . 28 U.S.C. § 1920.'" 2013 WL 6228732, at *4 (quoting Long v. Howard Univ., 561 F. Supp. 2d 85, 97-98 (D.D.C. 2008)). In Long, the court determined that fees for subpoenas duces tecum issued in conjunction with a witness' scheduled deposition were recoverable because they satisfied the essential

---

[3] Kroger does not take issue with Webb's calculation of $3,438.76 in transcript fees associated with expedited or rushed preparation and/or delivery.

7

requirement of a local rule providing for taxation of costs of service of a subpoena on a witness who testified at a deposition, hearing or trial. The Long court therefore declined to tax costs of service of a subpoena on one individual who did not testify at any deposition, hearing or trial, but awarded costs for three other witnesses who did. See also Thein v. Feather River Community College, Nos. 2:06-cv-1777, 2:06-cv-2687, 2:07-cv-2023, 2013 WL 5406872, at *1 (E.D. Cal. Sept. 25, 2013) (declining to tax fee for subpoena duces tecum issued to AAUW California, as the subpoena was served on an entity that was not a witness pursuant to 28 U.S.C. § 1920(3)).

Additionally, as noted supra, the $40 witness fee authorized by 28 U.S.C. § 1821 is for "a witness in attendance at any court of the United States, . . . or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States." Id. § 1821(a). No witness from either Carilion Clinic or Blue Ridge Therapy was deposed in this case or otherwise was "in attendance" in court. As such, the court declines to tax the $80 in claimed witness fees for subpoenas duces tecum issued to these two entities.

The $63.05 in medical record copy charges from Carilion Clinic is a taxable cost, however. See 28 U.S.C. § 1920(4). These charges were incurred in connection with a subpoena duces tecum issued to Carilion Clinic in the course of discovery, based on Webb's representation in her Rule 26(a) disclosures that medical records and bills from Heather Nordgen, PA, at Carilion Family Practice, were relevant to the claims and defenses in this case. See ECF No. 29-15, at 49-50. Indeed, plaintiff herself made the materials produced in response to this subpoena part of the record in her opposition to summary judgment. See ECF No. 44-8, 54-7; see also discussion, infra, concerning taxable copying expenses. The

court therefore rejects Webb's relevancy argument and declines to exclude the $63.05 in copy charges from Kroger's claimed costs.

Accordingly, the court will reduce Kroger's bill of costs by $80 for the witness fees claimed in connection with the subpoenas issued to Carilion Clinic and Blue Ridge Therapy.

E.

Finally, Kroger claims copy expenses of $3,194.76 incurred in connection with this proceeding. Webb argues those expenses should be reduced to a total of $235.68, representing 1,964 pages submitted to the court as courtesy copies at a cost of $0.12 per page. In support of her position, Webb states that Kroger electronically filed a total of 3,061 pages but only provided the court with 1,964 pages of paper copies. Moreover, while 4,277 pages of documents were produced by Kroger in discovery, all of that production was electronic. Webb further contends that fees for 3 master CDs, processing fees charged by the copying vendor, and binding fees are not taxable as "costs of making copies." 28 U.S.C. § 1920(4).

In response, Kroger concedes that the expenses incurred for 15 color copies, three CDs, binding, and the time charged by its outside copying vendor fall outside the ambit of § 1920(4). Kroger therefore agrees to reduce its copying expenses claim from $3,194.76 to $2,795.90, which it calculates as follows:

| COPYING EXPENSE | AMOUNT | REFERENCE |
|---|---|---|
| TIFF or PDF Blowbacks (unassembled) | $549.84 | Dkt. 79-3, p. 2 |
| Litigating Imaging | $756.03 | (*Id.*) |
| Endorsing | $105.19 | Dkt. 79-3, p. 3 |

9

| TIFF or PDF Blowbacks (assembled) | $486.68 | (*Id.*) |
|---|---|---|
| Litigation Imaging | $486.68 | (*Id.*) |
| Litigation Copies | $137.61 | Dkt. 79-3, p. 4 |
| Litigation Imaging | $68.97 | (*Id.*) |
| TIFF or PDF Blowbacks (unassembled) | $204.90 | Dkt. 79-3, p. 5 |
| **TOTAL:** | **$2,795.90** | |

Kroger argues that all of these charges appropriately constitute "making copies" under § 1920(4). Although the 4,277 pages of documents were produced electronically to Webb in discovery, Kroger argues it was required to first copy all responsive documents (which were business records), Bates label them, and then scan them into .pdf format so they could be uploaded to the parties' file-sharing site. Kroger contends the costs associated with this process are all recoverable under § 1920(4), citing Country Vintner of N.C., LLC v. E&J Gallo Winery, Inc., 718 F.3d 249, 260-61 (4th Cir. 2013).

"Section 1920 provides that a court may tax fees used for photocopies necessarily obtained for use in the case. However, a prevailing party may only be reimbursed for copies of documents it has submitted to the court and provided to opposing counsel." Kennedy v. Joy Techs., Inc., 484 F. Supp. 2d 502, 505 (W.D. Va. 2007); accord Schwarz & Schwarz of Va., LLC v. Certain Underwriters at Lloyd's, No. 6:07-CV-00042, 2010 WL 452743, at *9 (W.D. Va. Feb. 8, 2010). "The burden is on the party seeking recovery of photocopying costs to demonstrate the reasons for each copying charge." Ford v. Zalco Realty, Inc., 708 F. Supp. 2d 558, 563 (E.D. Va. 2010) (citing Synergistic Int'l, LLC v. Korman, No. 2:05cv49, 2007 WL 517676, at *5 (E.D. Va. Feb. 8, 2007)).

10

Kroger attaches six invoices from the Verity Group as evidence of its copying expenses, but these invoices do not explain what these copies were for—specifically, whether they were for copies submitted to the court or provided to opposing counsel, or copies used internally by Kroger. Nor does Kroger further articulate which of these claimed charges were for copies provided to the court or opposing counsel. Counsel's affidavit submitted in support of Kroger's bill of costs explains the copying expenses in general terms as follows:

- March 14, 2016 Copy Expense – production of client files and documents relevant to proceedings
- September 30, 2016 Copy Expense – production of documents responsive to discovery request and potential deposition exhibits
- October 21, 2016 Copy Expense – production of documents used in connection with various depositions
- January 1, 2017 Copy Expense – production of documents used in connection with Defendant's motion for summary judgment
- January 16, 2017 Copy Expense – copy charges related to exhibits to use during oral argument on Motion for Summary Judgment

ECF No. 79, at 3-4. In its reply brief, Kroger contends that all of these charges were necessarily incurred and used in the course of litigation, see ECF No. 81, at 7-9, but it again fails to articulate which of these costs were incurred for documents provided to the court or opposing counsel, rather than for Kroger's own internal use and convenience. As best the

court can determine from the invoices provided, Kroger is claiming expenses for the following quantities of copies:

| COPYING EXPENSE | AMOUNT | QUANTITY |
|---|---:|:---:|
| TIFF or PDF Blowbacks (unassembled) | $549.84 | 4582 |
| Litigating Imaging | $756.03 | 4582 |
| Endorsing | $105.19 | 10519 |
| TIFF or PDF Blowbacks (assembled) | $486.68 | 3605 |
| Litigation Imaging | $486.68 | 3605 |
| Litigation Copies | $137.61 | 834 |
| Litigation Imaging | $68.97 | 418 |
| TIFF or PDF Blowbacks (unassembled) | $204.90 | 2049 |
| **TOTAL:** | **$2,795.90** | |

According to Webb, Kroger filed 3,061 pages of pleading and exhibits with the court, provided approximately 1,964 courtesy copies to the court, and produced 4,277 pages in discovery. Even crediting Kroger's argument that the costs associated with the process of electronically producing documents are recoverable under § 1902(4), the court cannot square the quantity of documents listed on the third-party copying invoices with the quantity of documents allegedly produced to the court or opposing counsel in this case, and Kroger sheds no light on this issue.

Because the court "cannot properly determine the actual amount of expenses incurred from copies produced for the court and opposing counsel," Kennedy, 484 F. Supp. 2d at 505, it will sustain Webb's objection as to the taxation of third-party copy expenses and

reduce Kroger's bill of costs for copying expenses from $3,194.76 to $235.68, in the exercise of its broad discretionary power in awarding costs. See Schwarz & Schwarz, 2010 WL 452743, at *9 (finding $646.51 in copying costs properly taxable to Schwarz, and holding "[o]f the $1,982.22 sought as costs for copying and printing expenses, on the basis of the documentation provided to the Court, only $646.51 is shown to have been incurred for copies submitted to the Court or opposing counsel."); Ford, 708 F. Supp. 2d at 563 (declining to tax $2,174.18 of copying charges where defendant submitted receipts that did not specify what was copied and provided no further explanation); see also Francisco v. Verizon South, Inc., 272 F.R.D. 436, 445 (E.D. Va. 2011) (taxing the cost of only one set of copies because defendant failed to explain why two sets were needed, describing the costs vaguely as "copying charges associated with production of Verizon paper documents"); Kennedy, 484 F. Supp. 2d at 505 (sustaining plaintiff's objection to taxation of copying costs, and noting "Without an itemization of these charges, I cannot properly determine the actual amount of expenses incurred from copies produced for the court and opposing counsel. A review of the record in this case indicates that the copies for which the defendant seeks reimbursement are substantially greater than those documents actually filed by the defendant with the court.").

## III.

For these reasons, the court will **SUSTAIN in part** and **OVERRULE in part** Webb's objections to Kroger's bill of costs and **AWARD** Kroger costs in the total amount of **$5,396.56**.[4]

An appropriate Order will be entered.

Entered: 06/18/2017

Michael F. Urbanski
United States District Judge

---

[4] The court calculates this amount by taking Kroger's claimed costs of $12,658.20 and reducing it by $483.60 (fees for service of subpoenas), $300.20 (trial witness fees and mileage), $3,438.76 (costs associated with expedited transcripts), $80 (witness fees for subpoenas duces tecum), and $2,959.08 (copying expenses).

14